IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                                             CASE NO. 1:15-cv-111-MW-GRJ

JENNIFER LESTER,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Complaint, Doc. 1, and a motion to proceed *in forma pauperis*. Doc. 2.[1] Plaintiff also seeks leave to file an amended complaint. Doc. 4. Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.

In addition to screening the case to determine whether it states a cause of action the Court must ensure that it has subject matter jurisdiction over the case. It is well

---

[1] Although Mr. Neville was subject to the Court's filing sanction in case no. 1:12-cv-159-MP-GRJ, which provided that "No further filings of any kind will be accepted from Plaintiff until the $3,380.00 sanction in Case No. 1:06-cv-199-MP-AK is paid, at least in part," the sanction was lifted by the Court in an order entered by Judge Paul on June 3, 2015. Case no. 1:12-cv-159-MP-GRJ, Doc. 22.

established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir. Fla. 2004). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question. 28 U.S.C. § 1331. The claims in this case do not allege any factual basis to support a claim supporting federal question jurisdiction and, as explained below, because the Plaintiff and the Defendants are citizens of the same state, there is no diversity of citizenship between the parties for diversity jurisdiction.

The complaint, liberally construed as the Court must because Plaintiff is proceeding *pro se*, alleges as follows. The only named Defendant is Jennifer Lester, an attorney who represented Bonnie DiVito, the trustee of Plaintiff's Special Needs Trust.[2] Plaintiff alleges that in December 2013 he filed a suit against DiVito claiming that DiVito engaged in self-dealing, fraud, and breach of fiduciary duty by, *inter alia* hiring Lester to give "mysterious 'opinions' that [Plaintiff] was never privy to." Doc. 1 at 1. Plaintiff alleges that in connection with that suit Lester perpetrated a fraud upon the court and lied in pleadings by wrongfully asserting that Plaintiff had five lawsuits adversely decided against him in state court. *Id*. For relief, Plaintiff seeks to have Lester withdraw her pleadings in the state case and pay him compensatory and punitive damages. *Id*.

---

[2]The Court takes judicial notice of the allegations made by Plaintiff in another pending case, *Neville v. DeVito*, Case No. 1-15-cv-98-MW-GRJ, in which Plaintiff describes Ms. DeVito's role more specifically than in the instant case. The Court has recommended dismissal of that case for lack of subject matter jurisdiction.

Plaintiff's fraud claim against Lester is a state-law tort governed by Florida common law. Accordingly, because Plaintiff's claims, even liberally construed, allege nothing more than garden variety state law fraud claims, the Court does not have federal question jurisdiction over the claims in this case.

Although a party is entitled to amend its pleading once as a matter of course pursuant to Fed. R. Civ. P. 15(a), the Court concludes that amendment in this case is futile and leave to amend should be denied. Plaintiff's motion for leave to amend states that amendment is necessary because the Complaint does not specify the basis for federal jurisdiction. Doc. 4. Plaintiff does not, however, set forth any basis for the exercise of the Court's jurisdiction.

Plaintiff's motion also contains a notice of change of address alleging that he has moved from Gainesville, Florida, to New Orleans, Louisiana. To the extent that the motion may liberally be construed as asserting diversity jurisdiction the motion is still due to be denied. Diversity requires that the plaintiff and defendants are citizens of different states. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). With regard to Defendant Lester, Plaintiff alleges that she is an attorney doing business in Alachua County, Florida. Thus, Defendant is a citizen of Florida for diversity purposes. When Plaintiff filed the Complaint on May 26, 2015, he identified an address in Gainesville, Florida. The notice of change of address, filed on June 12, 2015 (Doc. 4), is not relevant to determining whether there is diversity of citizenship because the law is well settled that subject matter jurisdiction premised upon diversity of citizenship is determined based upon the state of facts that existed at the time of filing and may not

be divested by a subsequent change in the citizenship of the parties. *Grupo Dataflux v Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)(*per curiam*)("[d]iversity of jurisdiction is assessed at the time the action is filed."). Thus, even though Plaintiff may now live in Louisiana, for purposes of diversity jurisdiction he is considered a citizen of Florida.

Consequently, because Plaintiff and the Defendant were citizens of Florida when Plaintiff filed the Complaint, there is no diversity of citizenship between the parties. Therefore, the Court does not have subject matter jurisdiction over Plaintiff's claims and, thus, the Complaint must be dismissed for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims he must do so in state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Leave to proceed as a pauper, Doc. 2, should be **DENIED** as moot.

2. Leave to file an amended complaint, Doc. 4, should be **DENIED.**

3. This case should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida  this 16th day of June 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

  **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.